IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 22 2023, 9:15 AM
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| PAUL ALLEN GARCIA, KIRAH-SHANTEL GARCIA, AND KEANE BOBBY BRAUN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF HAWAII, ET AL.,<br><br>Defendants. | CIV. NO. 22-00432 JMS-WRP<br><br>ORDER DENYING PLAINTIFFS' "MOTION FOR NOTING AND ENTRY OF DEFAULT AGAINST CERTAIN PARTIES OPERATES AGAINST ALL PARTIES LISTED IN THE ANNEXED LIST AND WHO HAVE NOT TIMELY ANSWERED NOR RESPONDED IN THE ACTION," ECF No. 98 |

### ORDER DENYING PLAINTIFFS' "MOTION FOR NOTING AND ENTRY OF DEFAULT AGAINST CERTAIN PARTIES OPERATES AGAINST ALL PARTIES LISTED IN THE ANNEXED LIST AND WHO HAVE NOT TIMELY ANSWERED NOR RESPONDED IN THE ACTION," ECF No. 98

Before the court is pro se Plaintiffs Paul Allen Garcia, Kirah-Shantel Garcia, and Keane Bobby Braun's (collectively, "Plaintiffs") "Motion for Noting and Entry of Default Against Certain Parties Operates Against All Parties Listed in the Annexed List and Who Have Not Timely Answered Nor Responded in the Action," ECF No. 98 ("Motion"). For the reasons stated below, the Motion is DENIED.

The Motion makes little sense and is procedurally and substantively infirm. Construed liberally, at best, Plaintiffs appear to request entry of default and default judgment or judgment on the pleadings against parties in an "annexed list"

attached to the Motion.  *See id*. at PageID.1032; ECF No. 98-1.  According to Plaintiffs these parties have either not responded to the complaint, have "been dilatory and continue[] to be dilatory," or have made a jury demand or demand for bench trial but have not "substantially or sufficiently opposed any facts."  ECF No. 98 at PageID.1031.  None of these assertions supports Plaintiffs' request.

When seeking entry of default, Plaintiffs must show "by affidavit or otherwise" that a party has failed to plead or otherwise defend in the action.  Fed. R. Civ. P. 55(a).  Here, Plaintiffs merely list all "Defendants"[1] and their "statuses": dates of purported service and what each Defendant supposedly filed, such as a waiver of summons or "Motion to Dismiss Joinder."  Their first assertion, that some Defendants have not responded to the complaint,[2] is false, as demonstrated by the numerous pending motions to dismiss—a clear indication of these Defendants' intent to "otherwise defend":  *See* ECF No. 68 (Fidelity National Title Insurance Company and Title Guaranty of Hawaii, LLC's Motion to Dismiss Second Amended Complaint ("SAC")); ECF No. 86 (County of Kauaʻi -

---

[1] Not all parties on the list appear to be defendants.  For example, Plaintiffs have not issued a summons as to Saiva Siddhanta Church, who is not named as a defendant in the Amended Complaint filed on February 9, 2023 ("FAC"), ECF No. 11, although he is listed as a party to be served.  *See* ECF No. 99 at PageID.1050 (Defendants Association of Apartment Owners of Kawaikini Estates and Saiva Siddhanta Church's opposition to this Motion); *see also* ECF No. 11 at PageID.82, PageID.83, PageID.109 (FAC).

[2] There are two amended complaints, the FAC, and another filed without leave of court under Fed. R. Civ. P. 15(a) on March 14, 2023, ECF No. 18.  Plaintiffs do not specify to which complaint Defendants have failed to timely answer or respond.  In any event, Plaintiffs' Motion lacks merit.

Department of Water's Motion to Dismiss SAC); ECF No. 88 (Jonathan J. Chun, State of Hawaii, Judge Kathleen Watanabe's Motion to Dismiss First Amended Complaint ("FAC")); ECF No. 91 (PennyMac Corp.'s Motion to Dismiss FAC and SAC); and joinders thereto, ECF Nos. 69, 71, 73, 84, 85, 89, 108.[3]  These responses preclude the requested relief.

Plaintiffs' other assertions—that Defendants have "been dilatory and continue[] to be dilatory" or have made a jury demand or demand for bench trial but have not "substantially or sufficiently opposed any facts"—are not supported by argument, evidence, or legal authority, and are wholly without merit.

For these reasons, the court DENIES Plaintiff's Motion , ECF No. 98.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 22, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Paul Allen Garcia, et al. v. State of Hawaii, et al.*, Civ. No. 22-00432 JMS-KJM, Order Denying Plaintiffs' "Motion for Noting and Entry of Default Against Certain Parties Operates Against All Parties Listed in the Annexed List and Who Have Not Timely Answered Nor Responded in the Action," ECF No. 98

---

[3] Such joinders evidence an intent to "otherwise defend" the action.  *See Gipbsin v. Kernan*, 2009 WL 1650029, at *2 (E.D. Cal. June 10, 2009).