IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL ALLEN GARCIA, KIRAH-SHANTEL GARCIA, AND KEANE BOBBY BRAUN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF HAWAII, ET AL.,<br><br>Defendants. | Civ. No. 22-00432 JMS-WRP<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

   Pro se Plaintiffs Paul Allen Garcia, Kirah-Shantel Garcia, and Keane Bobby Braun (collectively, "Plaintiffs") brought this action involving an alleged wrongful foreclosure against a wide array of defendants, including the State of Hawaii, two state court judges and various lawyers or law firms, financial institutions, title companies, and loan servicers. ECF No. 18. In total, the Second Amended Complaint ("SAC") names 37 different defendants. *Id*. at PageID.194–196.

   On June 21, 2023, the court dismissed the SAC's federal claims alleging violations of: (1) Plaintiff's civil rights pursuant to 42 U.S.C. § 1983; (2) the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to

18 U.S.C. § 1964(c); and (3) the Foreign Agent Registration Act ("FARA") pursuant to 22 U.S.C. § 612. *See Garcia v. Hawaii*, 2023 WL 4106297 (D. Haw. June 21, 2023). Because FARA creates no private cause of action, the court dismissed that claim without leave to amend. *Id*. at *8. The court dismissed the RICO claim for failure to state a claim, and with leave to amend. *Id*. And—after having dismissed all government actors without leave to amend—the court dismissed the § 1983 claim with leave to amend based on the SAC's failure "to allege any facts showing that the non-governmental Defendants acted under color of law. That is there is no alleged infringement of federal rights that is fairly attributable to the government." *Id*. at *7.[1]

      Although the court seriously doubted whether a further amendment to the SAC could cure its defects, the court granted Plaintiff leave to file a supplemental memorandum "describing any further amended § 1983 and/or RICO claims that they believe would not be barred by this Order. The supplemental memorandum also must be specific as to how each claim (whether § 1983 or RICO) would apply to each separate Defendant." *Id*. at *8. Plaintiff was given a deadline of July 5, 2023 to file the supplemental memorandum.

---

[1] The June 21, 2023 Order explained that a § 1983 claim requires "state action" or "action under color of state law," and detailed the four circumstances recognized by the Ninth Circuit under which a private party may act under color of state law by being a "willful participant in joint action with the State or its agents." *Id*. at *7.

2

On June 22, 2023, Plaintiffs filed a "Motion for Leave to File Supplemental Pleading" ("Motion for Leave").  ECF No. 118.  And on June 27, 2023, Plaintiffs filed a "Motion to Strike Order Granting Motions to Dismiss and Joinders" ) ("Motion to Strike").  ECF No. 119.  The Motion for Leave, likely drafted prior to receiving the court's June 21, 2023 Order, simply set forth recent events regarding the state court foreclosure action.  And the Motion to Strike, likely intended to be responsive to the Court's June 21, 2023 Order, is nonsensical and fails to address how Plaintiffs could amend the SAC to state a claim.[2]  For instance, the Motion to Strike states that the court cannot rule "[w]ithout the Facts of Findings and Conclusions of Law," and the "Defendants failed to deny or argue the factual allegations in the Plaintiff's [sic] 42 USC 1983 Civil Rights Claim and therefore no genuine issues exist in the case filed in the Federal Court."  *Id*. at PageID.1884–85.

Plaintiffs have failed to identify any basis to amend their federal claims to cure the defects identified in the court's June 21, 2023 Order.  Thus, the court dismisses the remaining federal claims—§ 1983 and RICO—with prejudice.

---

[2] To the extent that the Motion to Strike could liberally be construed as a motion for reconsideration, it fails to address any basis to reconsider the court's June 21, 2023 Order.  *See e.g.*, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (internal quotations omitted).

*See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). The court declines supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) and DISMISSES those claims without prejudice to refiling in state court. *See Garcia*, 2023 WL 4106297 at *9 (informing Plaintiffs that, if the court declines leave to amend the federal claims, the court would dismiss the state law claims without prejudice). The Clerk of Court shall close the case file.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, July 10, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Garcia, et al. v. State of Hawaii, et al.,* Civ. No. 22-00432 JMS-WRP, Order Dismissing Action